UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:17-cv-22397-DPG

JHONATHAN JAVIER SOACHE DIAZ
and all others similarly situated under 29
U.S.C. 216(b),

    Plaintiff,

v.

BAHAMAS UPHOLSTERY & MARINE
CANVAS, INC., BAHAMAS AUTO
REPAIRS, INC., WILLIAM LANZAS,

    Defendants.
_____/

# DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, BAHAMAS UPHOLSTERY & MARINE CANVAS, INC., BAHAMAS AUTO REPAIRS, INC., and WILLIAM LANZAS, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint [DE #1], as follows:

1. Admitted that Plaintiff is bringing this Complaint under the FLSA.

2. Defendants are without independent knowledge of the facts alleged in this Paragraph, but presume them to be true for venue and jurisdictional purposes only.

3. Admitted that BAHAMAS UPHOLSTERY & MARINE CANVAS, INC. is a company that regularly transacts business within Miami-Dade County, Florida. Denied that BAHAMAS UPHOLSTERY & MARINE CANVAS, INC. was Plaintiff's employer at any time. In fact, BAHAMAS UPHOLSTERY & MARINE CANVAS, INC. did not even start its operations until several months after Plaintiff alleges to have stopped working for it.

4. Admitted that BAHAMAS AUTO REPAIRS, INC. is a company that regularly transacts business within Miami-Dade County, Florida. Admitted that BAHAMAS AUTO

REPAIRS, INC. was Plaintiff's employer at all relevant time periods. Denied that Plaintiff was "jointly" employed by any other entity while employed by BAHAMAS AUTO REPAIRS, INC.

5. Admitted.

6. Admitted for venue purposes only. Denied for any other purpose.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. Admitted that the case is arises under the laws of the United States. All other allegations are denied.

8. Admitted.

9. This Paragraph does not contain factual allegations to which a response is required. The referenced statute speaks for itself.

10. Admitted that Plaintiff, WILLIAM LANZAS, worked for BAHAMAS AUTO REPAIRS, INC. as an upholster during the time period alleged. Denied that Plaintiff, WILLIAM LANZAS, worked for BAHAMAS UPHOLSTERY & MARINE CANVAS, INC. during the time period alleged.

11. Admitted that Defendants' business involve interstate commerce. Denied that Plaintiff's work involved interstate commerce. Denied that Plaintiff was employed by BAHAMAS UPHOLSTERY & MARINE CANVAS, INC. art any time.

12. Admitted as to BAHAMAS AUTO REPAIRS, INC. Denied as to BAHAMAS UPHOLSTERY & MARINE CANVAS, INC.

13. Admitted as to BAHAMAS AUTO REPAIRS, INC. Denied as to BAHAMAS UPHOLSTERY & MARINE CANVAS, INC. BAHAMAS UPHOLSTERY & MARINE CANVAS, INC. was not even in operation in the years 2013, 2014, 2015, and 2016.

14. Denied.

15. Denied.

16. This Paragraph does not make a factual allegation, rather a legal conclusion. Therefore, no response is required.

17. Denied.

18. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred to the extent that he did not actually work more than forty (40) hours in any workweek.

### Second Affirmative Defense

Plaintiff's claims and damages are limited to the limitations period of two (2) years pursuant to the FLSA.

### Third Affirmative Defense

Any actions or omissions by the Defendants were not willful. Therefore, the Plaintiff is not entitled to three years of limitations period.

### Fourth Affirmative Defense

Plaintiff's damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

### Sixth Affirmative Defense

To the extent the corporate Defendants is found not to be liable, WILLIAM LANZAS is also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claims against the entity Defendants. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### Seventh Affirmative Defense

Plaintiff has not met all of the requirements to bring a collective action under the FLSA.

### Eighth Affirmative Defense

Plaintiff's damages are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, requests judgment in its favor in its entirety and that the Defendants be awarded costs, including reasonable attorneys' fees.

### JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 27th day of July, 2017.

                LUBELL & ROSEN, LLC
*Attorneys for Defendant*
200 S. Andrews Ave, Suite 900
Ft. Lauderdale, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail:   adi@lubellrosen.com

By: *s/Adi Amit*
    Adi Amit, Esquire
    Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2017, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Adi Amit*
Adi Amit

## SERVICE LIST

*Jhonatan Javier Soache Diaz v. Bahamas Upholstery & Marine Canvas, Inc., et al.*
S.D. Fla. Case No. 1:17-cv-22397-DPG

| | |
|---|---|
| Neil Tobak, Esquire | Adi Amit, Esquire |
| Rivkah Fay Jaff, Esq. | LUBELL & ROSEN, LLC |
| Jamie H. Zidell, Esq. | 200 S. Andrews Avenue |
| J.H. ZIDELL, P.A. | Suite 900 |
| 300 71st Street | Fort Lauderdale, Florida 33301 |
| Suite 605 | adi@lubellrosen.com |
| Miami Beach, Florida 33141 | *Counsel for Defendants* |
| Rivkah.Jaff@gmail.com | |
| Ntobak.zidellpa@gmail.com | |
| ZABOGADO@AOL.COM | |
| *Counsel for Plaintiff* | |