UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22397-CIV-DPG

JHONATAN JAVIER SOACHE DIAZ and all )
others similarly situated under 29 U.S.C. )
216(b), )
)
)
       Plaintiff, )
vs. )
)
)
BAHAMAS UPHOLSTERY & MARINE )
CANVAS, INC., )
BAHAMAS AUTO REPAIRS, INC., )
WILLIAM LANZAS, )
)
       Defendants. )
_____ )

## PLAINTIFF'S REPLY TO [DE56][1]

**COMES NOW** the Plaintiff, by and through undersigned counsel, and hereby Replies to Defendants' Response in Opposition to Plaintiff's Motion for Enlargement of the Discovery Deadline [DE54], filed by Defendants as [DE56], and in support thereof states as follows:

1. On September 18, 2017, Plaintiff disclosed non-party witness, Sergio Perez, as an individual believed to be a former employee of Defendants who has knowledge regarding

---

[1] Defendants' Response in Opposition [DE56] is a transmogrified Motion seeking dispositive relief regarding the admissibility of text messages and/or witness testimony. Defendants' mud-slinging is yet again unwarranted and unnecessary. Defendants' unfounded and baseless accusations are made in bad faith and utterly preposterous. Defendants should file a Motion so that Plaintiff can have the opportunity to respond to same as that would be the appropriate course of action in a Federal litigation. Defendants Response in Opposition [DE56] presents no evidence of bad faith for Plaintiff's alleged spoliation of evidence in allegedly discarding evidence to benefit the litigation. Further, Defendants have failed to comply with Local Rule 7.1(a)(3) and failed to confer regarding their allegations regarding Plaintiff; a Motion would be appropriate not through a responsive pleading. *See also, Green Leaf Nursery v. E.I. DuPont De Nemours & Co.,* 341 F.3d 1292, 1308 (1 1th Cir.2003)(The party seeking the spoliation claim must demonstrate that they are unable to prove their case because of the unavailable evidence.). Further, Defense counsel's personal attacks on Plaintiff's counsel is vexatious and false.

Plaintiff's duties and hours.[2] *See,* [DE28]. Plaintiff only has Sergio Perez's phone number and has made efforts to contact him to obtain said address so said witness can be timely set for deposition and subpoenas can be issued as to same.[3]

2. On October 2, 2017, Defendants untimely filed their Witness List [DE43] and also disclosed Sergio Perez. Similar to Plaintiff, Defendants allegedly did not have Sergio Perez's contact information and stated that "Defendant is attempting to obtain the address for this witness and will supplement the fact witness list as soon as the address is obtained." *Id.*

3. Thereafter, on October 10, 2017, Defendants were Ordered to produce to Plaintiff "the last known addresses for 6 former employees/contractors that are pending and copies of Plaintiff's paychecks when received from Banco Popular in Puerto Rico." [DE52]. To date, Plaintiff has not been provided with a sworn affidavit and/or amended interrogatory identifying the 6 former employees/contractors and their last known addresses. *See also Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 8:07-CV-2359T23TGW, 2008 WL 793660 (M.D. Fla. Mar. 24, 2008) (information related to gross sales is normally in the hands of the Defendant and not the hands of a lower level employee (i.e. Plaintiff)). Analogously, information regarding

---

[2] Plaintiff also disclosed Mr. Perez in his Interrogatory Responses served on Defendants on October 9, 2017.

[3] Plaintiff's counsel contacted Mr. Perez to attempt to obtain his address and explained to Mr. Perez that the only monetary compensation permitted under the Rules is a witness fee check in the amount of $40.00 as Mr. Perez insisted on monetary compensation. Defense counsel's accusations regarding tampering with witness evidence is completely unfounded, meritless, and lacks support in law and/or fact. It is a red herring offered by Defendants to detract from the merits of Plaintiff's Motion and Defendants' making unsubstantiated and false claims should not be condoned.

Defendants' former/current employees would normally be found in the hands of the Defendant-employer for axiomatic reasons.[4]

4. While long-winded in their Response in Opposition [DE56], it is abundantly clear that Defendants, by their own admission, agree with Plaintiff's position that Mr. Perez is a key witness in the litigation and are desirous to depose him *duces tecum* and to obtain alleged text messages by and between the Parties and Mr. Perez.

5. The requested enlargement of time will provide Defendants with additional time to confer with Mr. Perez regarding his address and for the Parties to coordinate a date and time for the deposition to occur so that a subpoena can be timely issued.

6. With regards to Franklin Lanzas, Plaintiff has demonstrated that he has been diligent in coordinating depositions and engaging in discovery since the issuance of the Court's Scheduling Order. On September 29, 2017, Plaintiff served Defendants with a Notice of Taking Depositions to occur on the agreed date and time of October 20, 2017, and issued a subpoena as to non-party witness, Franklin Lanzas. Plaintiff's process server was informed and it was elicited through other non-party witness depositions, Franklin Lanzas was travelling outside the country until on or about early November. The undersigned has been conferring with Defense counsel since on or about October 18, 2017, to attempt to re-set said deposition to occur within the discovery deadline during early November. As of the date of filing the instant Motion said requests have gone un-responded to.

7. The deposition of Franklin Lanzas would **not** be cumulative as many of the witnesses have identified Franklin as the individual who allegedly oftentimes gave Plaintiff rides to and

---

[4] Defendants also testified that all their employees/contractors were issued a 1099 tax form and, as such, Defendants are in a position to provide the requested information so that a non-party witness, who is also a former employee of Defendants, such as Mr. Perez, could have been timely set during the course of discovery.

from work. He is clearly an important witness as he allegedly has firsthand knowledge regarding Plaintiff's hours worked and job duties.

8. The requested enlargement is a brief one and will enable the Parties to both have an opportunity to depose Mr. Perez and Mr. Lanzas, central witnesses in the litigation.

9. This brief enlargement of time will benefit the Parties and the Court as the extension to depose critical witnesses[5] and to obtain relevant discovery which in turn will seek to narrow the issues for dispositive motions and, ultimately, to be presented at trial.

10. Plaintiff submits this request for an extension in good faith and not for the purpose of delay but rather to allow the Parties more time to conduct relevant discovery related to issues alleged in the Complaint.

WHEREFORE PLAINTIFF RESPECTFULLY THAT THIS COURT GRANT THIS MOTION AND EXTEND THE DISCOVERY DEADLINE BY ONE MONTH, THROUGH TO DECEMBER 13, 2017, FOR THE LIMITED PURPOSE OF DEPOSING FRANKLIN LANZAS AND SERGIO PEREZ.

                                                          Respectfully submitted,

                                                          J. H. ZIDELL, P.A.
                                                          ATTORNEYS FOR PLAINTIFF
                                                          300-71ST STREET, SUITE 605
                                                          MIAMI BEACH, FLORIDA 33141
                                                          305-865-6766
                                                          305-865-7167

                                                          By:_s/ Rivkah F. Jaff, Esq. ___
                                                              Rivkah F. Jaff, Esquire
                                                              Florida Bar No.: 107511

---

[5] Franklin Lanzas allegedly gave rides to Plaintiff to and from work and would have critical information regarding Plaintiff's schedule. Sergio Perez is a former co-worker of Plaintiff and would have knowledge regarding allegations in the operative Complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 11/14/17 TO:**

**ADI AMIT, ESQ.
LUBELL & ROSEN, LLC
200 S. ANDREWS AVENUE, SUITE 900
FORT LAUDERDALE, FL 33301
PH: (954) 880-9500
FAX: (954) 755-2993
EMAIL: ADI@LUBELLROSEN.COM**

**BY:_____/s/ Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.**